UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AUDRAIN JONES,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-661-JD-MGG

JOHN DOE, et al.,

    Defendants.

OPINION AND ORDER

Audrain Jones, a prisoner without a lawyer, filed a complaint alleging that his requests for dental care for a painful condition have been ignored and that he continues to suffer without care. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jones alleges that, during the first week of July 2021, he submitted a health care request form indicating that he was having excruciating pain from a decaying tooth. Three or four days later, he received a response indicating that he had been scheduled. No specific date was provided. Two and a half weeks later Jones submitted a second

health care request form indicating that he was in severe pain due to tooth decay. Someone responded, but again they indicted only that Jones had been scheduled.

After three weeks, Jones filed a grievance with the grievance coordinator. He received no response. Jones also filled out requests for interview forms directed to Warden Galipeau about the denial of care. Jones received no response from the warden. Jones filed a third request for health care after about a month. At the time he wrote the complaint, he still had not received dental treatment.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the

2

person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, giving Jones the benefit of the inferences to which he is entitled at this stage of the proceedings, he has alleged facts from which it can be inferred that he received constitutionally inadequate dental care. However, Jones does not allege that Warden Galipeau was personally involved in making decisions regarding his dental care, so he may not proceed against Warden Galipeau in his individual capacity for monetary damages. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Jones will, however, be granted leave to proceed against Warden Galipeau in his official capacity for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

Jones has also sued an unknown dentist and unknown grievance counselor. Jones cannot proceed against unknown defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Furthermore, to the extent he is suing the grievance counselor for how he adjudicated his grievance, his allegations do not state a claim. Jones has no constitutional right to access the grievance process. *See*

3

*Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

For these reasons, the court:

(1) GRANTS Audrain Jones leave to proceed against Warden Galipeau in his official capacity for injunctive relief to provide constitutionally adequate dental care for Audrain Jones's painful dental condition, as required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Dentist John Doe and Grievance Coordinator John Doe;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden Galipeau at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) DIRECTS the clerk to fax or email the same documents to Warden Galipeau at the Westville Correctional Facility;

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS Warden Galipeau to provide a sworn declaration or affidavit with supporting medical documentation as necessary by **September 30, 2021**, explaining how the dental pain of Audrain Jones, IDOC # 133236, is being addressed in a manner that complies with the Eighth Amendment; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Galipeau to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 9, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT